## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GINAMARIE HAYES,<br>        Plaintiff,<br>        v.<br>PFIZER, INC.,<br>        Defendant. | No. 3:15-CV-1854 (MPS) |

## ORDER ON MOTION TO REMAND

**I.      Introduction**

The plaintiff, Ginamarie Hayes, filed suit against the defendant, Pfizer, Inc., in Connecticut Superior Court on November 25, 2015 for breach of contract, failure to pay wages in violation of Conn. Gen. Stat. § 31-72, breach of the covenant of good faith and fair dealing, and promissory estoppel. (ECF No. 1-1 at 3–7.) On December 22, 2015, the defendant removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1 at 1–3.) The plaintiff then filed a Motion to Remand claiming that the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332(a). (ECF No. 18 at 1.) The defendant objected to the Motion to Remand on the ground that the motion did not contain a memorandum of law in compliance with D. Conn. L. Civ. R. 7(a)(1) and that the plaintiff did not show to a legal certainty that the amount in controversy did not exceed $75,000. (ECF No. 20 at 1-3.) The plaintiff then filed a stipulation of the amount in controversy signed by the plaintiff and her attorney. (ECF No. 22 at 1.) The defendant has objected to the adequacy of the stipulation. (ECF No. 23.) I grant the Motion to Remand because I understand the plaintiff and her attorney to have stipulated that the plaintiff will not seek more than $75,000 exclusive of interest and costs upon remand.

## II.      Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Attorney's fees may be included in the amount in controversy if they are recoverable as of right pursuant to statute or contract." *Ins. Co. of State of Pa. v. Waterfield*, 371 F. Supp. 2d 146, 149 (D. Conn. 2005).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). If the plaintiff contends that the amount-in-controversy requirement is not met, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* The party invoking jurisdiction, here the defendant, has the burden of proving that it appears to a "reasonable probability" that the amount in controversy exceeds $75,000. *Scherer v. Equitable Life Assurance Society*, 347 F.3d 394, 397 (2d Cir. 2003); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). The party who opposes jurisdiction, here the plaintiff, must then show "to a 'legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Id.* "In applying the legal certainty test, resort to matters outside the pleadings may be used to amplify the meaning of the complaint's allegations." *Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 757 F. Supp. 283, 285 (S.D.N.Y. 1991). "[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by

stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013).

### III.    Discussion

According to the defendant, the plaintiff seeks an unpaid bonus that is worth about $21,000. (ECF No. 20 at 2.) The defendant argues, and the plaintiff does not present evidence to the contrary, that the plaintiff, if successful, could be entitled to double damages in the amount of $42,000 and attorneys' fees that could easily exceed $33,000 as provided for in Conn. Gen. Stat. § 31-72. (ECF No. 20 at 2–3.) The defendant claims that this provides a reasonable probability that the amount in controversy exceeds $75,000.

After the defendant's objection, the Court said that it would remand the case if the plaintiff filed "a stipulation signed by both the plaintiff and her counsel that the plaintiff will not seek more than $75,000 in her claims against the defendant . . . ." (ECF No. 21.) *See Standard Fire Ins. Co*, 133 S. Ct. at 1350 ("federal court, as condition for remand, can insist on a *binding* affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount." (internal quotations and citations omitted)).  Instead of precisely tracking the language of the Court's Order (ECF No. 21), the plaintiff stated:

> Pursuant to the Court's Order filed February 29, 2016 (Doc. No. 21), Plaintiff and her counsel both stipulate that the amount in controversy in the instant case does not exceed $75,000 as required by 28 U.S.C. § 1332(a). Plaintiff represents that this stipulation complies with the Court's Order and therefore, this case should be remanded back to state court. Both Plaintiff and her counsel sign this stipulation in accordance with the Court's Order.

(ECF No. 22 at 1.) The defendant objects to this stipulation on the ground that it is insufficient to bind the plaintiff on remand and on the ground that it did not comply with this Court's Order. (ECF No. 23 at 1.) The defendant takes particular issue with the phrase "Plaintiff and her counsel both stipulate that the amount in controversy in this case does not exceed $75,000 as required by

28 U.S.C. § 1332(a)." (ECF No. 23 at 1.) The Court reads the stipulation as a whole and accepts the plaintiff's representation that she intends the stipulation to comply with the Court's Order that required a stipulation that the plaintiff upon remand "will not seek more than $75,000 in her claims against the defendant." (ECF No. 21.)

"Plaintiff's stipulation suffices to refute any preponderance showing that her claim amounts to more than $75,000 in damages. Judicial economy and the essential purpose of Congress—to close the federal courthouse doors to small-dollar diversity lawsuits—is served." *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 86 (D. Conn. 2014). *See also Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985). ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding.") Therefore, as the plaintiff and her counsel have signed and filed a stipulation that the plaintiff will not seek more than $75,000 exclusive of interest and costs from the defendant upon remand, the Motion to Remand is granted.

In fourteen days, the Clerk shall mail a certified copy of this Order to the Connecticut Superior Court. D. Conn. L. Civ. R. 83.7. If plaintiff or her attorney believe that the Court has misunderstood or has overlooked a material aspect of her stipulation, *e.g.*, an aspect that shows that the plaintiff does not intend to be bound by her representation that on remand she will seek $75,000 or less in her claims against the defendant, the plaintiff shall file a motion for reconsideration within fourteen days. *See Ryan v. Cerullo*, 343 F. Supp. 2d 157, 160 (D. Conn. 2004) ("Rule 11 of the Federal Rules of Civil Procedure stands as a caution to casual or manipulative entry into stipulations to lend support to remand motions." (internal citations and quotations omitted)). *See also* Conn. R. Prof. Conduct 3.3(a)(1) ("A lawyer shall not

knowingly . . . fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . .").

**IV.     Conclusion**

For the reasons discussed above, the Motion to Remand (ECF No. 18) is GRANTED.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                April 6, 2016